Louise A. Boyd, Appellant, *v.* Borough of Wilkinsburg.

*Road law—Benefits and damages—Evidence.*

On an appeal from a report of viewers assessing damages and benefits for a change of grade of a street, the improvement in the street and the benefit to the property must be taken in its entirety, and the owner of the property who admits that the improvement as a whole has benefited his land to the amount assessed against it will not be permitted to show that certain cuts in the street at a point some distance away from his property were of no peculiar or special benefit to it.

Argued Oct. 26, 1897. Appeal, No. 68, Oct. T., 1897, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May Term, 1896, No. 396, on verdict for defendant. Before STER- RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal by plaintiff from report of viewers assessing benefits against plaintiff's property. Before McCLUNG, J.

At the trial it appeared that the borough of Wilkinsburg improved a portion of Hill avenue, one of its streets, under the provisions of the Act of May 16, 1891, P. L. 75, by grading, curbing with Beaver sandstone and paving with fire brick a width of 30 feet and a total length, exclusive of cross streets, of 2,179.94 feet. This improvement extended from a point in Pitt street on the west to the west line of Coal street on the east. About midway between these termini Hill avenue is bisected by Wood street, a leading thoroughfare, and that portion of the improved part of Hill avenue lying west of Wood street is level, and the grade of the improved street practically that of the abutting property, while that portion of the improved avenue lying east of Wood street rises sharply from Wood street almost to the eastern terminus of the improvement, where there is a crown. Plaintiff's property fronts 376 feet on the extreme west end of the improvement, lying between Pitt street and Hay street, on the level portion of the avenue, and has a complete outlet via Wood street. The crown near the eastern end of the improvement was cut, causing damages to abutting properties amounting to more than $2,000.

Counsel for plaintiff offered evidence to show that the cuts made upon the several properties were of no peculiar or special benefit to her property. Objected to.

By the Court: The objection is sustained. We will permit the plaintiff to show that her property was not specially benefited to the amount assessed against her, but we do not think that the offer as made is competent for that purpose, or is the proper way to show that fact. Exception allowed and bill sealed. [1]

Counsel for plaintiff offered to show that the result of the action of the viewers, in assessing benefits for damages awarded by reason of changes of grade along the line of the improvement, was to prorate the damages allowed as benefits upon all

the properties abutting upon the whole length of the improvement, with allowance for flankage and variance in depth of lots. Objected to as incompetent and irrelevant in this issue.

By the Court: Objection sustained. Exception allowed and bill sealed. [2]

S. H. McKee, a witness for plaintiff, being on the stand, was examined in chief as follows:

" Q. Mr. McKee, you have stated that you were acquainted with the properties abutting upon the line of the improvement of Hill avenue before and after the improvement, and their relative positions with reference to the improvement, as to grade. I wish you would state whether or not in your judgment the change in the grade of Hill avenue between—or do you know whether or not there was a change on Hill avenue between—Coal and Center streets, in connection with this improvement? A. I know there was a cut in Hill avenue, but I don't know whether you would call it a change of grade, at the upper end of Hill avenue. Q. Between Center and Coal? A. Between Center and Coal ; but whether it was a change in grade or not I don't know. It was a change from the original contour of the ground. Q. Well, if that was a change of grade between those points connected with this improvement, was that change of grade on Hill avenue between Center and Coal streets of any special or peculiar advantage to the property of Mrs. L. A. Boyd?" Objected to as incompetent and irrelevant.

By the Court: Objection sustained. Exception allowed and bill sealed. [3]

The court charged as follows:

In this case it is conceded by counsel that it has practically resolved itself into a question of law; that is, that the rulings of the court with regard to the principles upon which this matter is to be decided have settled what your verdict should be. The counsel for plaintiff here admits the truth of the testimony of the witnesses to the effect that regarding this whole improvement there is a peculiar benefit to the plaintiff's property to the amount of the assessment, $1,473.94. He maintains that he has a right to separate the two portions of the street, and maintains that there is part of this improvement, which perhaps was the most costly part, which does not benefit his client's prop-

erty.   We are unable to see how we could permit him to go
into that matter, because if we go into one, we must go into all
of these cases, and we would have an inextricable mix in trying
these various issues.   It seems to us that we have gone as far
as we can in allowing him to show matters which would reduce
the assessment of his client.   Counsel does not claim that there
has been anything improperly assessed upon the property along
this entire street.   The cost of improvement, he concedes was
all right, and was not improperly increased; but he thinks that
he ought to be allowed to show that his client's property would
have been as much improved if they had only improved part of
this street—had not improved it clear through.   We think he
must take the improvement as a whole; and the question is
whether he has had benefits which justify this assessment.
Under that ruling, as I have said, while the borough was pre-
pared to submit further testimony, counsel for plaintiff candidly
concedes that the assessment should be sustained, and therefore,
under this concession, your verdict would be properly in favor
of the borough.   The issue here possibly is not made up as it
should be logically.   Probably the borough should be plaintiff;
but we will arrive at the same end by taking your verdict in
the form that I suggest—that would be a verdict for the defend-
ant, and that the peculiar advantage resulting to the plaintiff's
property from the improvement in question is equal to the
amount of the assessment, to wit: $1,473.94.

The jury found the following verdict: "We, the jurors em-
panelled in the above entitled case, find for defendant, and find
that the property of the appellant, Mrs. Louise A. Boyd, has
been peculiarly benefited by the improvement in issue to the
full amount of the assessment of benefits made upon said prop-
erty, to wit: $1,473.94."

Upon which verdict judgment was entered.

*Errors assigned* were (1–3) rulings on evidence, quoting the
bill of exceptions.

*A. W. Duff*, for appellant.—The damages should have been
determined separate and apart from the benefits, and the dam-
ages caused by the change of grade should have been assessed
upon the properties peculiarily and specially benefited by the

change of grade: Aswell v. Scranton, 175 Pa. 181; Tourison's App., 171 Pa. 43; Dawson v. Pittsburgh, 159 Pa. 317; Pittsburgh's Petition, 138 Pa. 434.

*Wm. G. Stewart*, borough solicitor, with him *T. S. Brown*, for appellee, cited Seaman v. Borough of Washington, 172 Pa. 467, and argued that the appellant's authorities sustained appellee's position.

PER CURIAM, November 8, 1897:

There was no error in refusing plaintiff's offers of evidence recited in the first and second specifications respectively; nor in sustaining objection to the evidence of plaintiff's witness, S. H. McKee, recited in the third and last specification. These rulings of the court below are so obviously correct that neither of the questions involved requires discussion.

Judgment affirmed.